Taft, J.
From the allegations of the pleadings, it is apparent that all parties concede that the lease from plaintiff to defendant was dated July 30, 1947, and was for a term of five years and so much longer thereafter as oil, gas or their constituents were produced in paying quantities from the land.
The five years expired on July 30, 1952. The only allegations in the pleadings, which could possibly support a conclusion that the term of the lease had not expired on that date, are the allegations with respect to royalty payments by defendant to plaintiff and their acceptance by plaintiff. However, there is no allegation that plaintiff accepted any royalty payment for a period extending beyond July 30, 1952; and the finding of the referee, confirmed by the Court of Appeals, negatives any such acceptance.
There is no allegation in defendant’s answer and cross-petition or in any other pleading that oil, gas or their constituents were ever produced in paying quantities from this land. The allegations, that a small amount of oil was produced, that it was difficult to bring out to the road and that it did not warrant building a line, certainly do not amount to allegations that oil, gas or their constituents were produced in paying quantities. Murdock-West Co. v. Logan, 69 Ohio St., 514, 69 N. E., 984. See annotations, 48 A. L. R., 887, and 84 A. L. R., 761.
*49 Even though no bill of exceptions was allowed by the Court of Appeals, it is our conclusion that the pleadings cannot support the judgment of the Court of Appeals.
Furthermore, it may be observed that the only findings by the Court of Appeals or its referee of any production were findings of production of 12 to 20 barrels of oil in 1952 “from the middle of July to the 29th.” Thus, there is no allegation in the pleadings and, although the referee’s report states that testimony was heard by him as late as November 12,1953, there is no finding by the Court of Appeals or its referee that there was any production of oil, gas or their constituents at any time after the five-year period specified in the lease had elapsed. If we assume that there was production in paying quantities during the five-year period specified in the lease as the Court of Appeals apparently found, it does not follow that the lease continued beyond that five-year period. By its terms, it was to do so only “so much longer thereafter as oil, gas, or their constituents are produced in paying quantities.” Even if, as the Court of Appeals apparently held, the lessee’s “good faith judgment that the production * * * is ‘paying’ must prevail” in determining whether there is production in paying quantities, there can be no such production if there is no production at all.
The judgment of the Court of Appeals must be and is reversed, and the cause is remanded to that court for further proceedings.

Judgment reversed.

Weygandt, C. J., Matthias, Hart, Zimmerman, Stewart and Bell, JJ., concur.